Owen MgGivern, J.
Defendant moves for judgment on the pleadings or in the alternative for Summary judgment. No affidavits are submitted in opposition to the application for judgment pursuant to rule 113 of the Rules of Civil Practice and the moving affidavit in support of such application is not made by a person having knowledge of the facts. Consequently, the application is deemed to he one solely for judgment on the pleadings dismissing the complaint.
The áctíón is brought by plaintiff td recover theagreed compensation for professional services rendered. The question presented is whether the services are those contemplated under the provisions of article 1§-A of the Real Property Law. In his complaint plaintiff alleges that by reason of the fact, as known to the defendants, he was personally acquainted with many diplomatic representatives of the newly independent African nations and thai plaintiff was an experienced public relations advisor* defendants engaged the plaintiff as a public relations advisor to publicise and make known to such government representatives, the availability and suitability of defendant’s suburban estate as a residence for diplomatic personnel of foreign countries. Plaintiff agreed to he SO employed and to recommend td defendant a licensed real estate broker to effectuate* on defendant’s behalf* the sale of such estate and defendant agreed to pay to plaintiff an amount equal to 10% of the selling price. Plaintiff insists that he rendered no services Customarily rendered by a broker, but that he recommended a real estate brokerage firm which the defendant employed to effectuate a sale on his behalf and that he did not negotiate Or bring about the salé of the estate.
" Real estate broker” is defined in section 440 of the Real Property Law ás óñé who for another and for a fee u lists for sale” an estate or interest in reál estate. Subdivision 10 Of Section 31 of the Personal Property Law provides that an agreement not in writing is void If it is a contract to pay compensation for services rendered in negotiating á sale of any real estate or any interest therein. If the services which plaintiff was employed to perform* and which were performed as stated in plaintiff’s bill of particulars* are not concerned with negotia *32 lions looking to the sale of property, they arc nevertheless concerned with the listing of that property for sale. The agreement as set forth in the complaint and in the bill of particulars is concerned primarily with real property. Plaintiff’s reference to his profession and his acquaintance ship with diplomatic representatives cannot serve to alter the fact that real property was the prime concern of the employment. The attempt to validate the agreement in this manner is merely to evade the provisions of the statute. The motion for judgment on the pleadings is granted.